The Governor, for the use of Gill, v. Stribling and Others.

A capias ad respondendum was issued against *Taylor* & *Searles* requiring bail. Upon this writ the sheriff arrested *David S. Taylor*, but took no bail and permitted him to escape. *Held*, that the sheriff committed no breach of duty in this discharge of *Taylor*, although the person intended by the name of *Taylor* in the writ was *David S. Taylor*.

*Friday, November 10.*

ERROR to the *Jefferson* Circuit Court.—This was an action of debt brought in the name of the governor, for the use of *Gill*, founded on a sheriff's bond, in which action *Stribling*, the

sheriff, and his sureties were defendants. Issue was joined upon the performance of the condition of the bond. Verdict and judgment for the defendants.

BLACKFORD, J.—The facts stated in the declaration, to make out a breach of the condition, are, that *Gill* took out and delivered to *Stribling*, as sheriff, a capias ad respondendum against *Taylor* & *Searles*, requiring bail; that he intended by *Taylor* & *Searles*, *David S. Taylor* and *David Searles*; that the sheriff arrested *David S. Taylor*, but did not take bail, and voluntarily permitted him to escape.

These facts constitute no breach of the condition of the bond. Upon a writ against *Taylor*, without any other description, the sheriff was not bound to arrest *David S. Taylor*, nor, after arresting him, was he bound to detain him. It was impossible for the sheriff, from such an imperfect description, to know that *David S. Taylor* was intended.

The record, therefore, shows that the plaintiff had no cause of action; and he has no right to complain of the judgment against him (1).

*Per Curiam.*—The judgment is affirmed with costs.

*Nelson*, for the plaintiff.

(1) The party whom the plaintiff intended to arrest must be correctly described in the process; if he be not, the process is no justification for the arrest of such person. Thus, to trespass for false imprisonment brought by *A.* the defendant pleaded that *B.* sued out a latitat against the plaintiff *A.*, therein called by the name of *C.*, directed to the sheriff, &c. authorising him to arrest *C.*; that the sheriff directed his warrant to the defendant, commanding him to take the said *A. therein called by the name of C.*; averment, that *A.* and *C.* named in the writ and warrant are *one and the same person.* This plea, on general demurrer, was held to be bad. *Shadgett* v. *Clipson*, 8 East, 328. So, to trespass for taking *A.'s* goods, the officer pleaded that he took them under a distringas against *B.* meaning the said *A.*, to compel an appearance; averring that *A.* and *B.* were the same person. (*A.* had not appeared in the original action.) '*Held*, on demurrer, that the plea was bad. *Cole* v. *Hindson*, 6 T. R. 234. So, where *Daniel S. Griswold* was arrested on process of attachment issued out of the equity side of the Circuit Court of the *United States* against *Samuel S. Griswold*, it was held that an action of false imprisonment lay by *Daniel S. Griswold* against the marshal, his deputy, and the solicitor concerned in the arrest; and that this was so, though *Daniel S. Griswold* was the person intended. *Griswold* v. *Sedgwick*, 6 Cowen, 456. S. C. 1 Wend. 126.